**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

|  |  |
|---|---|
| EquipmentShare.com Inc<br><br>        Movant,<br><br>v.<br><br>Romulus Capital Partners II, LLC, and<br>Neil Chheda<br><br>        Respondents. | Civil Action No.: 2:25-mc-09004 |

## NON-PARTY EQUIPMENTSHARE.COM INC'S SUGGESTIONS IN SUPPORT OF MOTION TO QUASH NON-PARTY SUBPOENA

# **TABLE OF CONTENTS**

Page

BACKGROUND ........................................................................................................2

    I.      The Series A Fund Transactions and the Republic Lawsuit ....................................3

    II.    Respondents' Subpoenas to Non-Party EquipmentShare .........................................4

ARGUMENT ............................................................................................................6

    I.      This Court Should Quash The Subpoena Because it is Untimely. .........................7

    II.    This Court Should Quash The Subpoena Because It Imposes Undue Burden by Both Seeking Irrelevant Information and Material Respondents Can Obtain from Parties in the Republic Lawsuit. ..................................................9

          a.      Respondents Must Seek EquipmentShare-Republic Communications from Republic. .................................................................10

          b.      The Subpoena Seeks Overbroad and Irrelevant Information.....................12

CONCLUSION.......................................................................................................14

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Abrams v. Ciba Specialty Chems. Corp.*,
265 F.R.D. 585 (S.D. Ala. 2010) ...................................................................................8

*Am. Broad. Companies, Inc. v. Aereo, Inc.*,
2013 WL 5276124 (N.D. Iowa Sept. 17, 2013)..................................................................9, 10

*AssuredPartners, LLC v. Edgewood Partners Ins. Ctr., Inc.*,
2025 WL 1797460 (E.D. Mo. June 27, 2025) ...........................................................10

*Bell v. Jefferson Cnty. Sheriff Dep't*,
2022 WL 4016379 (E.D. Mo. Sept. 2, 2022)...........................................................10

*Beyond Blond Prods., LLC v. Hall*,
2022 WL 3444039 (D. Minn. Aug. 17, 2022) ....................................................6, 12

*Blank v. Doe*,
2019 WL 201749 (E.D. Mo. Jan. 15, 2019) ...........................................................14

*In re Cantrell v. U.S. Bioservices Corp.*,
2009 WL 1066011 (W.D. Mo. Apr. 21, 2009) ..........................................................10

*CoStar Grp., Inc. v. Xceligent, Inc.*,
2017 WL 5957774 (W.D. Mo. Sept. 11, 2017) .....................................................7

*Enter. Holdings, Inc. v. McKinnon*,
2014 WL 5421224 (E.D. Mo. Oct. 23, 2014).........................................................12

*Enviropak Corp. v. Zenfinity Cap., LLC*,
2014 WL 4715384 (E.D. Mo. Sept. 22, 2014)........................................................10

*EquipmentShare.com Inc v. Romulus Capital Partners II, LLC*,
No. 4:25-mc-09012-FJG (W.D. Mo.) ................................................................4, 5, 6

*Federiconi v. Client Servs., Inc.*,
2010 WL 1462563 (D.S.D. Apr. 9, 2010) ...............................................................7

*Goldstein v. FDIC*,
494 B.R. 82 (D.D.C. 2013) ...................................................................................8

*Ingersoll v. Farmland Foods, Inc.*,
2011 WL 1131129 (W.D. Mo. Mar. 28, 2011).........................................................10

*Keller v. Pepsi Bottling Grp., Inc.*,
   2007 WL 9735622 (D. Minn. Aug. 27, 2007) ........................................................................14

*Kyle v. Fed. Trade Comm'n*,
   2021 WL 1407960 (W.D. Mo. Apr. 14, 2021) ..........................................................................7

*Langford v. Alegent Health*,
   2010 WL 2732876 (D. Neb. July 8, 2010) ..............................................................................10

*Moore v. Walton*,
   2024 WL 4756902 (E.D. Pa. Nov. 12, 2024) ...........................................................................8

*Nachurs Alpine Sols., Corp. v. Nutra-Flo Co.*,
   2017 WL 1380460 (N.D. Iowa Apr. 17, 2017)........................................................................10

*Peoples Nat'l Bank, N.A. v. Mehlman*,
   2016 WL 3268761 (E.D. Mo. June 7, 2016) .......................................................................7, 10

*Republic Maximal LLC, et al. v. Romulus Capital Partners II, LLC, et al.*,
   No. 1:22-cv-10429 (D. Mass.) ................................................................................ *passim*

*St. Louis Heart Ctr., Inc. v. Nomax, Inc.*,
   2015 WL 9451046 (E.D. Mo. Dec. 23, 2015) .........................................................................14

*Stecklein & Rapp Chartered v. Experian Info. Sols., Inc.*,
   113 F.4th 858 (8th Cir. 2024) .................................................................................................12

*Wagner Agency v. Johnson & Johnson, Inc.*,
   2025 WL 304604 (E.D. Mo. Jan. 27, 2025) ...........................................................................11

**Other Authorities**

9A Fed. Prac. & Proc. Civ. § 2459 .................................................................................................8

Fed. R. Civ. P. 26..............................................................................................................6, 10, 12

Fed. R. Civ. P. 45............................................................................................................... *passim*

EquipmentShare.com Inc ("EquipmentShare"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 45, respectfully moves this Court to quash a subpoena dated September 4, 2025 (the "Subpoena") from Romulus Capital Partners II, LLC ("Romulus") and Mr. Neil Chheda (collectively with Romulus, "Respondents") seeking documents and testimony in connection with *Republic Maximal LLC, et al. v. Romulus Capital Partners II, LLC, et al.*, No. 1:22-cv-10429 (D. Mass.) (the "Republic Litigation").

For the third time in as many months, Respondents have served non-party EquipmentShare with a burdensome subpoena seeking documents and testimony that they could—and should—instead obtain from the actual parties to the Republic Litigation. Respondents' third attempt at a Subpoena to EquipmentShare suffers from the same fatal defects as its prior subpoenas: it is both procedurally improper and unduly burdensome on EquipmentShare. The Subpoena violates the Federal Rules in at least three ways, each of which provides an independent basis to quash the Subpoena.

*First*, the Subpoena is untimely. The Scheduling Order in the Republic Litigation specifically instructs that "[a]ny remaining or supplemental document production by all parties and *all additional written discovery shall be served so as to be completed by* <u>*July 30, 2025,*</u>" over a month before Respondents served the Subpoena, and thus this Court should quash the Subpoena because it violates the scheduling order in place in the underlying litigation. *Second*, the Subpoena seeks documents and testimony that Respondents can (and should) instead receive from Republic, and thus is unduly burdensome on EquipmentShare and improper under the Federal Rules. *Third*, the Subpoena demands irrelevant information and is overbroad. Requests for EquipmentShare's "knowledge, understanding, or awareness" of the Republic Litigation and alleged "wrongdoing"

have no bearing on whether Respondents defrauded Republic or whether Republic defamed Respondents, and open EquipmentShare up to a fishing expedition without any apparent boundary.

This is Respondents' third attempt to drag EquipmentShare into their litigation. Having seemingly failed to conduct adequate discovery from the proper sources, Respondents now seek an impermissible end-run around both the Republic Litigation Scheduling Order (which has already been amended several times) and Rule 45's protections for non-parties. Accordingly, this Court should quash the Subpoena in full rather than permit Respondents to flout the Scheduling Order in the Republic Litigation or misuse Rule 45 as a backdoor to discovery.

## BACKGROUND

EquipmentShare is a fast-growing U.S. construction equipment rental and technology company that combines a nationwide fleet with its proprietary platform to help contractors track, manage, and optimize jobsite operations in real time. Mr. Chheda and his Romulus entities were early investors in EquipmentShare, and Mr. Chheda served on EquipmentShare's Board of Directors.

The Republic Lawsuit—brought by Republic Maximal LLC, Republic Master Fund, LP, and their affiliates[1] (collectively, "Republic") against Mr. Chheda and his alleged affiliates—is among numerous legal proceedings in various states and jurisdictions in which investors accuse

---

[1] The First Amended Complaint is also brought by Plaintiffs EquipmentShare Growth One, LP; EquipmentShare Growth Two, LP; EquipmentShare Growth Three, LP; EquipmentShare Romulus Close Two, LP; EquipmentShare Secondary One, LP; EquipmentShare Secondary Two, LP; EquipmentShare Secondary 2020, LP; EquipmentShare Secondary II, LP; EquipmentShare Qualified 2020, LP; EquipmentShare Qualified 2020 II, LP; EquipmentShare Qualified 2020 III, LP; and EquipmentShare Qualified 2020 IV, LP. *See* First Am. Compl., *Republic Maximal LLC v. Romulus Capital Partners, II LLC*, No. 1:22-cv-10429 (D. Mass. June 25, 2024), ECF No. 90 (hereinafter "FAC"). Each of these entities are "an individual series of Republic Master Fund that were established for the purpose of investing in the Series A Fund." *Id.* ¶ 6.

2

Mr. Chheda, Romulus, and/or affiliates of his Romulus entities of illicit conduct concerning their investments in EquipmentShare.

## I.     The Series A Fund Transactions and the Republic Lawsuit

Republic alleges that between September 2019 and November 2020, it purchased limited partnership interests in Romulus EquipmentShare Growth LP (the "Series A Fund"), a limited partnership created for the purpose of investing in EquipmentShare stock, managed by Mr. Chheda. *See* FAC ¶ 1. Republic purchased these partnership interests through several transactions with Athena 2, Inc., SNC 1 LLC, and Apollo1 Inc. (collectively, the "Transferor Defendants"). *Id.* ¶¶ 39-41, 61-63, 95-97.

According to Republic, Respondents represented that the Transferor Defendants acquired interests in EquipmentShare at its original Series A valuation of approximately $102 million, such that Republic believed it was purchasing specific percentages of the Fund as follows: 15.08% from Athena, 16.96% from SNC in three transactions (for a total of 50.88%), and 27.64% from Apollo, totaling a 93.59% interest in the Series A Fund. *Id.* ¶¶ 39-41, 61-63, 95-97. But Republic alleges it later discovered that it had acquired only approximately 12% of the Series A Fund because, unbeknownst to Republic, the Transferor Defendants actually obtained their interests in EquipmentShare through undisclosed secondary transactions at substantially higher valuations, and not in the original Series A offering. *Id.* at ¶¶ 47-48, 69-70, 86-87, 146. Republic further alleges that Respondents concealed that the Transferor Defendants were owned by Mr. Chheda's family members. *Id.* ¶¶ 147-155.

Respondents deny wrongdoing, and in response assert that Republic breached contractual warranties and failed to conduct sufficient diligence on the underlying transactions. *See Republic Maximal LLC, et al. v. Romulus Capital Partners II, LLC, et al.*, No. 1:22-cv-10429 (D. Mass. Aug. 29, 2024), ECF No. 101 (hereinafter "Countercl.") ¶¶ 117-20, 127-48. Respondents also

3

assert counterclaims against Republic, claiming Republic defamed them through a "FAQs Document" to Republic investors allegedly stating "Romulus defrauded Republic." *Id.* ¶¶ 91-113.

In 2022, Republic sued Respondents and the Transferor Defendants in the United States District Court for the District of Massachusetts, asserting claims for contractual fraud, mistake, unjust enrichment, fraudulent inducement, federal securities fraud and control person liability, violations of Massachusetts securities laws, civil conspiracy, aiding and abetting, and violations of the Massachusetts consumer protection laws. Respondents and the Transferor Defendants assert counterclaims for breach of contract, fraudulent inducement, fraudulent and negligent misrepresentation (as well as aiding and abetting both), defamation, civil conspiracy, and tortious interference with business relationships.

## II.     Respondents' Subpoenas to Non-Party EquipmentShare

On July 7, 2025, Respondents served EquipmentShare with a subpoena (the "Original Subpoena") demanding testimony and documents by July 25, 2025.[2] *See* Ex. 2 (Original Subpoena to EquipmentShare dated July 7, 2025). The Original Subpoena sought documents and communications between Republic and EquipmentShare related to Respondents' investments in EquipmentShare, and EquipmentShare's knowledge of purported wrongdoing by Respondents, as well as testimony regarding these topics, and testimony regarding EquipmentShare's interactions with Mr. Chheda. *See id.*

Because the Original Subpoena violated Rule 45's geographical limitation and imposed an undue burden on EquipmentShare, EquipmentShare moved to quash the Original Subpoena. *EquipmentShare.com Inc v. Romulus Capital Partners II, LLC*, No. 4:25-mc-09012-FJG (W.D. Mo.). Rather than oppose the motion to quash, Respondents withdrew their Original Subpoena

---

[2]    Counsel for EquipmentShare and Respondents agreed to extend EquipmentShare's response deadline to August 15, 2025.

and issued a second subpoena on August 22, 2025.[3]  After realizing that the second subpoena inadvertently attached the wrong requests, Respondents served the third and operative Subpoena to EquipmentShare on September 4, 2025, demanding compliance by September 15, 2025, a mere eleven days later.  *See* Ex. 1 (Third and Operative Subpoena to EquipmentShare dated September 4, 2025).

The Subpoena is virtually identical to Respondents' Original Subpoena, except that it omits one seemingly duplicative request.  The operative Subpoena seeks:

- Documents and Communications, and testimony about communications and interactions, between Republic and EquipmentShare related to (i) Republic's efforts to invest in EquipmentShare, or (ii) the Respondents.  *See* Ex. 1 at 5-6 (Document Requests 1-2; deposition topics 1, 3, 5).

- Documents and Communications (including intra-EquipmentShare communications and third-party communications) related to the claims in the Republic Litigation or other  purported wrongdoing of the Respondents related to Republic, and testimony regarding EquipmentShare's knowledge, understanding, or awareness of the Republic Litigation.  *See id.* at 5-6 (Document Requests 3-4; deposition topics 2-4).

After several conferrals between counsel to the parties, Respondents seemingly agreed to limit the Subpoena's document requests to Request No. 3 only, seeking "Documents and Communications related to any of the claims or allegations made against the Romulus Parties in the Action or the State Court Action, or other purported wrongdoing of any Romulus Parties related to Republic or related by Republic to EquipmentShare." *Id.* at 5.  Yet Respondents later appeared to walk back that limitation, continuing to broadly demand unspecified and amorphous documents and testimony regarding communications with Republic that relate in any way to Mr. Chheda or

---

[3]  *See* Ex. 3 (Second Subpoena to EquipmentShare dated August 22, 2025). EquipmentShare accordingly dismissed the miscellaneous proceeding in which it brought its earlier motion to quash.  *See EquipmentShare.com Inc v. Romulus Capital Partners II, LLC*, No. 4:25-mc-09012-FJG (W.D. Mo. Aug. 29, 2025), ECF No. 9.

the Romulus Parties—a formulation so vague and unbounded that it functions as no limitation at all, despite Respondents' attempt to speciously recast their demands as a narrow, single topic.[4]

Since issuing the Subpoena to EquipmentShare, Respondents have been deposing Republic witnesses who would have knowledge of any alleged communications with EquipmentShare. Despite having deposed Republic's own witnesses about the very communications it seeks from EquipmentShare, Respondents persist in burdening EquipmentShare with duplicative discovery. Absent unique information that rests only in the hands of EquipmentShare and not Republic, the Subpoena should be quashed.

## **ARGUMENT**

This Court is well within its authority to quash the Subpoena because it imposes an undue burden on EquipmentShare by requesting testimony and documents that are "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *See* Fed. R. Civ. P. 45(d)(3)(A)(ii); Fed. R. Civ. P. 26(b)(2)(C)(i). Indeed, beyond the relevance and proportionality requirements of Rule 26, "Rule 45 also imposes an additional layer of proportionality safeguards, which courts are directed to enforce." *See Beyond Blond Prods., LLC v. Hall*, 2022 WL 3444039, at *3 (D. Minn. Aug. 17, 2022).

In this case, "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena" all favor quashing this Subpoena because it is untimely under the Republic Litigation's schedule, seeks duplicative information already

---

[4] Although Respondents maintain they could pursue the Subpoena's full scope, EquipmentShare focuses this motion on the narrowed request to which Respondents agreed. Notably, by agreeing to narrow the Subpoena's scope to one document request, Respondents have effectively conceded that the excluded requests seek information that is not necessary to their defense. To the extent Respondents seek materials beyond the scope of their narrowed requests, EquipmentShare incorporates by reference the arguments in its original motion to quash, *see EquipmentShare.com Inc v. Romulus Capital Partners II, LLC*, No. 4:25-mc-09012-FJG (W.D. Mo.), ECF Nos. 1-2, and all applicable arguments set forth herein.

available from parties to the litigation, and requests irrelevant information that has no bearing on whether Respondents defrauded Republic or whether Republic defamed Respondents. *See CoStar Grp., Inc. v. Xceligent, Inc.*, 2017 WL 5957774, at \*11 (W.D. Mo. Sept. 11, 2017) (citation omitted).

Quashing the Subpoena is particularly appropriate here because the rules give special weight to the burdens placed on non-parties. *See Kyle v. Fed. Trade Comm'n*, 2021 WL 1407960, at \*6 (W.D. Mo. Apr. 14, 2021) ("Concerns for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."); *see also Federiconi v. Client Servs., Inc.*, 2010 WL 1462563, at \*2 (D.S.D. Apr. 9, 2010) ("Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations."). Having "no dog in th[e] fight," *Federiconi*, 2010 WL 1462563, at \*2, EquipmentShare should not be drawn into this sprawling litigation. Accordingly, this Court should exercise its full authority and "especially wide latitude" under Rule 45(d)(3) to quash the Subpoena directed to EquipmentShare. *See Peoples Nat'l Bank, N.A. v. Mehlman*, 2016 WL 3268761, at \*2 (E.D. Mo. June 7, 2016).

## I.       This Court Should Quash The Subpoena Because it is Untimely.

The Subpoena must be quashed because it is untimely under the current scheduling order in the Republic Litigation. Originally, the court required document production in the Republic Litigation to be substantially complete by March 28, 2025. *See* Ex. 4 at 2 (Republic Litigation Scheduling Order dated November 1, 2024). On June 18, 2025, the court moved this deadline to July 30, 2025, and ordered that "[a]ny remaining or supplemental document production . . . and any additional written discovery" needed to be served "***so as to be completed*** by July 30, 2025."

7

*See* Ex. 5 at 3 (Republic Litigation Scheduling Order dated June 18, 2025) (emphasis added).[5] Respondents served the Subpoena on September 4, 2025—more than a month after the deadline for production had expired.

Courts routinely quash subpoenas that are issued in contravention of scheduling orders. Subpoenas are unambiguously subject to the same discovery deadlines as other forms of written discovery. 9A Fed. Prac. & Proc. Civ. § 2459 ("In addition to meeting the governing discovery relevancy standard, subpoenas duces tecum also must comply with discovery deadlines to avoid being quashed."); *see also id.* § 2452 ("[P]arties should not be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery."); *Goldstein v. FDIC*, 494 B.R. 82, 87 (D.D.C. 2013) ("[C]ourts have held that Rule 45 subpoenas are subject to the same discovery deadlines and orders as any other type of discovery.").

As a result, subpoenas should be quashed to the extent they seek discovery that is untimely under the applicable scheduling order. *Moore v. Walton*, 2024 WL 4756902 (E.D. Pa. Nov. 12, 2024) ("Many courts have exercised their discretion to quash subpoenas that ignore discovery deadlines when there is no reason why the subpoena could not have been brought during the discovery period." (citation omitted)); *Abrams v. Ciba Specialty Chems. Corp.*, 265 F.R.D. 585, 588-89 (S.D. Ala. 2010) (quashing subpoena issued after discovery deadlines as an "improper attempt to circumvent the discovery deadline").

Respondents offer no excuse for their delay. Discovery has been ongoing since April 2024, yet Respondents waited over sixteen months—until September 5, 2025, more than a month after

---

[5]  The Republic Litigation court amended the scheduling order once more on October 1, 2025, *see* Ex. 6 (Republic Litigation Scheduling Order approved October 1, 2025) to extend the deadline to complete fact discovery. The court's order did not, however, affect the already-passed deadline for the completion of document discovery.

the document discovery deadline closed—to serve this Subpoena seeking basic documents about Republic's communications with EquipmentShare. Respondents' failure to act diligently during the discovery period cannot now be remedied at EquipmentShare's expense. To permit Respondents to pursue this strategy would not only put an undue burden on non-party EquipmentShare, but would render meaningless the discovery deadlines set by the court in the underlying action by allowing Respondents to evade them.

Accordingly, the Court should quash the Subpoena, which is well out of time under the applicable Scheduling Order in the Republic Litigation, to the extent it seeks the production of documents.

**II.      This Court Should Quash The Subpoena Because It Imposes Undue Burden by Both Seeking Irrelevant Information and Material Respondents Can Obtain from Parties in the Republic Lawsuit.**

Third-party subpoenas must be quashed when they unduly burden the recipient. Fed. R. Civ. P. 45(d)(3)(A)(iv). This is true even if the information is purportedly relevant. *See Am. Broad. Companies, Inc. v. Aereo, Inc.*, 2013 WL 5276124, at *7 (N.D. Iowa Sept. 17, 2013) ("[*E*]*ven if relevant*, discovery is not permitted where no need is shown, or compliance would be unduly burdensome . . . ." (emphasis in original) (alterations adopted and citations omitted)). Here, this Court should quash the Subpoena because it imposes undue burden on EquipmentShare in at least two ways.

*First*, the Subpoena seeks testimony about communications and interactions between EquipmentShare and Republic that Respondents can and should obtain directly from Republic. Seeking this information from EquipmentShare when it already has or could have obtained it from Republic is impermissible and unduly burdensome to non-party EquipmentShare. *Second*, the Subpoena demands testimony about EquipmentShare's communications with unidentified third parties, its "understanding" of the Republic Lawsuit and the claims made therein, and knowledge

of "purported wrongdoing" by Respondents—none of which are probative of whether Respondents defrauded Republic or whether Republic defamed Respondents. Both categories violate the Rule's admonition to protect non-parties from burdensome discovery, and thus, warrant this Court quashing the Subpoena.

### a. Respondents Must Seek EquipmentShare-Republic Communications from Republic.

Courts uniformly find undue burden when non-parties are asked to provide information that could instead be sought from parties to the underlying litigation. *See In re Cantrell v. U.S. Bioservices Corp.*, 2009 WL 1066011, at *2 (W.D. Mo. Apr. 21, 2009) (holding that a subpoena imposes undue burden when information "requested could be first sought from the party defendants"); *AssuredPartners, LLC v. Edgewood Partners Ins. Ctr., Inc.*, 2025 WL 1797460, at *2 (E.D. Mo. June 27, 2025) ("[A] subpoena is unduly burdensome on a non-party if the information can be obtained from a party to the litigation." (citation omitted)); *Bell v. Jefferson Cnty. Sheriff Dep't*, 2022 WL 4016379, at *1 (E.D. Mo. Sept. 2, 2022) (same); *Enviropak Corp. v. Zenfinity Cap., LLC*, 2014 WL 4715384, at *4 (E.D. Mo. Sept. 22, 2014) (same and collecting cases); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i) (courts "must limit" discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive").

As such, courts consistently quash third-party subpoenas that seek information readily available from the parties themselves. *See, e.g.*, *In re Cantrell*, 2009 WL 1066011, at *2 (quashing subpoena when "documents requested could be first sought from the party defendants"); *Mehlman*, 2016 WL 3268761, at *3 (same); *Langford v. Alegent Health*, 2010 WL 2732876, at *1 (D. Neb. July 8, 2010) (same); *Nachurs Alpine Sols., Corp. v. Nutra-Flo Co.*, 2017 WL 1380460, at *5-6 (N.D. Iowa Apr. 17, 2017) (same); *Am. Broad. Companies, Inc.*, 2013 WL 5276124, at *7 (same); *Ingersoll v. Farmland Foods, Inc.*, 2011 WL 1131129, at *8 (W.D. Mo. Mar. 28, 2011) (entering

10

a protective order affirming quashing of third-party subpoena when there was "no indication that plaintiffs cannot get the same or similar information from defendant").

Of five deposition topics, two seek testimony about communications "between **Republic** and EquipmentShare" and another seeks testimony about EquipmentShare's "interactions **with Republic** related to Neil Chheda."[6] By definition, Republic's own witnesses can testify about any communication or interaction that Republic had with EquipmentShare. There is no conceivable reason why EquipmentShare should be compelled to provide testimony about conversations to which Republic was itself a party. This is precisely the type of duplicative discovery from non-parties that the Federal Rules forbid.

Critically, the burden lies **with Respondents** to show that the information requested by the Subpoena is not available from the parties to the Republic Lawsuit. *See Wagner Agency v. Johnson & Johnson, Inc.*, 2025 WL 304604, at *1 (E.D. Mo. Jan. 27, 2025) ("The requesting party must provide reasons why it cannot obtain the information from the parties in the case. Failure to do so renders its attempt to obtain such information from a non-party inappropriate."). Respondents have not shared what testimony it seeks from EquipmentShare that has not already been covered by parties in the Republic Litigation. Respondents have failed to meet their burden.

Accordingly, this Court should quash deposition topics 1-2 and 5 of the Subpoena. Holding otherwise would force EquipmentShare to bear the substantial burdens imposed by the Subpoena only to produce information that is readily available to the parties of the Republic Lawsuit

---

[6] *See* Ex. 1 at 6 (deposition requests 1-2, 5) (seeking testimony regarding "Communications with Republic relating to the Republic Funds, including your knowledge of any cancellation or transfer of investments in those funds, the Transfer Agreements, the Series A Fund, this Action, the State Court Action, the Romulus Parties, Vasant Chheda, and/or EquipmentShare," "Communications between Republic and EquipmentShare, its Directors and Officers, Willie Schlacks, Jabbock Schlacks, John Griffin, or anyone else affiliated with EquipmentShare related to the Romulus Parties," and "Your interactions with Republic related to Neil Chheda").

themselves and to unnecessarily expend time and resources in so doing—precisely the type of undue burden that Rule 45(d) is designed to prevent.

**b. The Subpoena Seeks Overbroad and Irrelevant Information.**

Third-party subpoenas must also comply with Rule 26, which only permits discovery of information "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *Beyond Blond Prods.*, 2022 WL 3444039, at *2 ("Under Rule 26(b)(1) as applied to a nonparty Rule 45 subpoena, discovery may not be had on matters irrelevant to the subject matter involved in the pending action.") (citations and quotations omitted). Subpoenas seeking irrelevant information impose undue burden by definition. *See Stecklein & Rapp Chartered v. Experian Info. Sols., Inc.*, 113 F.4th 858, 862 (8th Cir. 2024) ("[T]he subpoenas posed an 'undue burden' *precisely because* much of the requested information was irrelevant.") (emphasis added); *Enter. Holdings, Inc. v. McKinnon*, 2014 WL 5421224, at *1 (E.D. Mo. Oct. 23, 2014) (granting motion to quash where subpoenas "seek information that would only be tangential to the issues in the underlying lawsuit").

The Subpoena must be quashed because it seeks irrelevant testimony and material in light of the burden it places on EquipmentShare. The Republic Lawsuit turns on whether Respondents defrauded Republic, whether Republic breached warranties, and whether Republic defamed Respondents. EquipmentShare's after-the-fact knowledge about these disputes cannot possibly be probative of these issues nor informative regarding the validity of the underlying merits of these claims. EquipmentShare is not a party to the Republic Lawsuit. It was not involved in the Transfer Agreements. It did not participate in nor endorse the secondary market transactions between Republic and the Transferors. EquipmentShare is merely the portfolio company whose shares were held by the Series A Fund. Even Respondents' counterclaim for defamation against Republic does not allege that any defamatory statements were published to EquipmentShare. *See* Countercl.

12

¶¶ 91-101. Instead, Respondents only allege that Republic sent EquipmentShare the public "ECF filing," which it does not allege is defamatory. *Id.* ¶ 105. Put simply, EquipmentShare is an innocent bystander to a private dispute between venture capital firms about their own dealings; EquipmentShare's knowledge and understanding about their disputes is of no moment.

Not only does the Subpoena lack any probative value regarding the underlying disputes in the Republic Lawsuit, it is also staggering in scope. The Subpoena demands EquipmentShare's documents and communications "related to ***any*** of the claims or allegations made against the Romulus Parties" in the Republic Litigation or related Massachusetts state litigation,[7] and related to "***other purported wrongdoing*** of any Romulus Parties related to Republic."[8] This sweeping language would require EquipmentShare to search for and produce documents touching on the hundreds of paragraphs of claims and allegations in the Republic Litigation and for any document referencing the open-ended category of "purported wrongdoing"—which smacks of a fishing expedition designed to cause EquipmentShare to expend significant time and resources to investigate any and all of Respondents' potential misconduct regardless of whether or not they have any probative value in the Republic Lawsuit.

Similarly, the Subpoena's deposition topics are equally overbroad, demanding testimony about EquipmentShare's "knowledge, understanding, or awareness" of the Republic Lawsuit and claimed damages (deposition topic 4), communications with unidentified "third parties" about alleged "purported wrongdoing" (deposition topic 3), and broad-ranging communications about

---

[7] Republic has a similar lawsuit pending in Massachusetts state court against Respondents and additional parties alleging wrongdoing by the Respondents regarding similar investments by Republic. *See Republic Maximal LLC v. Romulus Capital Partners II, LLC*, No. 24-84-cv-01406 (Mass. Super.). Respondents' Subpoena demands that EquipmentShare be knowledgeable about all of the additional claims and allegations made in this related but factually distinct litigation.

[8] Ex. 1 at 5 (Document Request 3).

"the Republic Funds," "the Transfer Agreements," "the Romulus Parties," and various other topics (deposition topics 1-3). The burden of designating and preparing a witness to provide binding corporate testimony on such vague and expansive topics—particularly when EquipmentShare has no stake in the underlying dispute—exemplifies the type of harassment that Rule 45 prohibits.

Such requests are overbroad and unduly burdensome on EquipmentShare and are impermissible under the rules. *See St. Louis Heart Ctr., Inc. v. Nomax, Inc.*, 2015 WL 9451046, at \*2 (E.D. Mo. Dec. 23, 2015) (quashing subpoenas as overly broad); *Blank v. Doe*, 2019 WL 201749, at \*5 (E.D. Mo. Jan. 15, 2019) (denying discovery when plaintiff was "attempting to use the Court's authority to engage in a fishing expedition . . . without evincing any likelihood that service of his Rule 45 subpoenas would provide the information he is seeking"). Discovery grounded on baseless speculation that non-party EquipmentShare *might* possess information that Respondents *might* find useful in the Republic Lawsuit is prohibited. *See Keller v. Pepsi Bottling Grp., Inc.*, 2007 WL 9735622, at \*3 (D. Minn. Aug. 27, 2007) ("Discovery is not so broad, however, as to allow a party to force the opposing party to go through a costly and time-consuming fishing expedition based on a hunch or speculation that there might be something there that may help its case.").

## CONCLUSION

For the reasons set forth herein, this Court should grant EquipmentShare's motion and quash the Subpoena in its entirety.

14

Dated: October 24, 2025

/s/ *Anthony W. Bonuchi*

Anthony Bonuchi, No. 57838
Christopher R. Pieper, No. 57564
BLITZ, BARDGETT & DEUTSCH, LLC
104 W. 9th Street, Suite 205B
Kansas City, MO 64105
(816) 944-3232
abonuchi@bbdlc.com
cpieper@bbdlc.com

Alexander J. Merton (*pro hac vice*
   forthcoming)
Kaylee A. Otterbacher (*pro hac vice*
   forthcoming)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, District of Columbia 20005
(202) 538-8000
ajmerton@quinnemanuel.com
kayleeotterbacher@quinnemanuel.com

Sam Cleveland (pro hac vice forthcoming)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016
(212) 849-7000
samcleveland@quinnemanuel.com

*Attorneys for Defendant EquipmentShare.com
Inc*

15